ANDREWS, Judge
(concurring specially).
I concur fully with the opinion in this case and, in addition, express a personal observation.
The consideration by this court of numerous similar motions has been of grave concern to me. It is regrettable that under its power to adopt rules of practice and procedure the Florida Supreme Court has not, as it was requested to do at a hearing on amendments to the Appellate Rules held on April 13, 1965, prescribed a definitive procedure for the proper consideration of appeals by indigent defendants. Florida Constitution, Article V, § 3. Nor did the court avail itself of the opportunity to prescribe such a procedure in its approval of the new Rules of Criminal Procedure adopted March 1, 1967, effective January 1, 1968. In re Florida Rules of Criminal Procedure, Fla.1967, 196 So.2d 124.
ON PETITION FOR MODIFICATION
PER CURIAM.
The Attorney General in a petition for modification has supplied the court with copies of the original petition for habeas corpus in the Supreme Court of Florida in Hollingshead v. Wainwright, Fla.1965, 177 So.2d 477, and of the petition for certiorari to the Supreme Court of the United States in Hollingshead v. Wainwright, 1966, 384 U.S. 31, 86 S.Ct. 1284, 16 L.Ed.2d 333. These documents were not available to the court at the time we considered the petition of the public defender to be relieved of his responsibilities in this case.
As the Attorney General points out, there is some confusion as to the exact effect of the decisions of the courts in the consideration of the said petitions of Hollingshead. Hollingshead filed a notice of appeal from a judgment of guilt but nothing further was done to perfect the appeal. He was denied post conviction relief in the trial court, district court of appeal and the Supreme Court of Florida.
It is the Attorney General’s contention that the per curiam reversal by the Supreme Court of the United States by merely citing Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, does not on these facts constitute a determination of right to counsel on appeal from an order denying post conviction relief. However, upon the consideration of these facts, and of the manifest impossibility of an appellate court properly considering an appeal from a denial of post conviction relief without counsel, at least to the extent required by the Supreme Court of the United States in Anders v. State of California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we adhere to our previous decision insofar as it affects appeals to this court. By this action we do not modify the rule that right to counsel on post conviction relief at the trial court level is a matter of discretion for the trial judge. The differences in the requirements for hearings and consideration by the courts at the different levels in the judicial process is obvious.
Petition for modification denied.
WALDEN, C. J., and ANDREWS and CROSS, JJ., concur.